[Civil No. 1021.   Filed March 27, 1908.]

[95 Pac. 803.]

COPPER BELLE MINING COMPANY, a Corporation et al., Defendants and Appellants, v. MARTIN COSTELLO, Plaintiff and Appellee.

1. PLEADING—ANSWER—NECESSITY—REPLY—ADMISSIONS.—Though a pleading filed by defendants may, as to a party made a defendant on their motion, be deemed a cross-complaint, it is, as to plaintiff, not a cross-complaint, but an answer, setting up as against plaintiff matters of defense. Such matters, by Revised Statutes of 1901, paragraph 1357, are regarded as denied by plaintiff unless expressly admitted, and are not to be taken as confessed, under paragraph 1359, because not denied.

On motion for rehearing.   Motion denied.

For former opinion see 11 Ariz. 334, 95 Pac. 94.

Frank H. Hereford, and F. M. Hartman, for Appellants.

James Reilly, and Ben Goodrich, for Appellee.

PER CURIAM.—The appellant urges as one of the grounds for the granting of a rehearing herein that the court "did not take into consideration the admission by appellee, Costello, of all of the material allegations of the answer and cross-complaint of the Copper Belle Mining Company of West Virginia and the Copper Belle Mining Company of Arizona as to the invalidity of the note and the mortgage for $15,000," claiming that, as none of these allegations were denied by the plaintiff, Costello, under paragraph 1359 of the Revised Statutes of Arizona of 1901 they must be taken as confessed.

While the pleading referred to may, as to the defendant Gleason (who was made a party on the motion of the defendant companies), be deemed a cross-complaint, it was, as to the plaintiff, Costello, not a cross-complaint, but an answer, setting up as against the plaintiff matters of defense, and such matters, by paragraph 1357 of the Revised Statutes of 1901, are regarded as denied by the plaintiff without further action on his part.

The motion for a rehearing is denied.

DOAN, J., not sitting.